Filed 9/5/25  In re C.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re C.R., a Person Coming Under the Juvenile Court Law. | B342727 (Los Angeles County Super. Ct. No. 22CCJP03196A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> D.R., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pete R. Navarro, Judge Pro Tempore. Dismissed.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Courtney Fisher, Senior Deputy County Counsel, for Plaintiff and Respondent.

## I.     INTRODUCTION

D.R. (father) appeals from the juvenile court's order denying his Welfare and Institutions Code section 388[1] petition to replace the court's order terminating father's reunification services and setting a section 366.26 hearing with an order reinstating reunification services and/or granting him unmonitored/overnight visits with his daughter C.R. (the child).[2] Father does not challenge the merits of the court's order. Instead, he contends the Department and the court failed to comply with their inquiry duties under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.).  We dismiss father's appeal as moot.

---

[1]     Further statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2]     G.V. (mother) is not a party to this appeal.

## II.  BACKGROUND[3]

On August 16, 2022, the Department filed a section 300 petition with respect to the child.  As part of the petition, the Department stated it had asked the parents about the child's Indian status and had been given no reason to believe the child was or might be an Indian child.

On August 17, 2022, mother and father filed Parental Notification of Indian Status forms stating they had no Indian ancestry.  On the same day, the juvenile court found it did not have reason to know the child was an Indian child.  The court ordered the Department and the parents to make the court aware of any new information relating to possible ICWA status.

On November 18, 2022, the Department filed a first amended section 300 petition in which it stated an ICWA inquiry had been made.  On November 23, 2022, the juvenile court signed a case plan that stated ICWA did not apply.

On September 14, 2023, the juvenile court ordered:

"1.  [The Department] shall interview/attempt to interview all extended family members about whether the child is, or may be, an Indian child as required by . . . section 224.2, subd[ivision] (b).

"2.  [The Department] shall document all its efforts and submit a written report on the results of the interviews/attempts to interview all extended family members prior to October 23, 2023, the previously scheduled [section] 366.26 hearing.

---

[3]  Because father's only claim on appeal concerns the Department's and the juvenile court's ICWA compliance, we limit our background to facts bearing on that claim.

"3.  After reviewing the report and determining whether [the Department] has interviewed all available extended family members, the juvenile court shall make a finding regarding the ICWA's applicability."

In its October 6, 2023, section 366.26 report for the October 23, 2023, hearing, the Department reported that on August 17, 2022, the juvenile court had found there was no reason to know ICWA applied and on August 15, 2023, a social worker met with mother and father and interviewed them about ICWA.  Mother and father indicated they did not have Native American ancestry.  The report did not otherwise address the ICWA compliance issues the court had requested in its September 14, 2023, order.  In subsequent status review and interim review reports the Department filed on December 19, 2023, May 30, 2024, July 12, 2024, and December 6, 2024, the Department stated, "On 8/17/22, the Court found that The Indian Child Welfare Act does not apply [and] that no notice was required to any tribe or the Bureau of Indian Affairs as to father."

## III.   DISCUSSION

Father contends the Department and the juvenile court failed to comply with their continuing duty of inquiry under ICWA.  After mother and father denied any Indian ancestry at the outset of the case, the Department did not ask any extended family members it had information about or contact with about Indian ancestry, despite a court order that it make and document ICWA inquiries of extended family members.  Further, the court had a duty to make an ICWA finding after the Department's ICWA inquiry of extended family members which the court did

4

not make due to the Department's failure to make the necessary ICWA inquiries.

The Department acknowledges that its ICWA inquiry was incomplete but argues father's appeal is moot because the dependency proceeding is ongoing and the Department is undertaking additional inquiry to remedy the conceded deficiency. We agree with the Department that father's appeal is moot. Given the procedural posture of the case at the time father filed his notice of appeal from the juvenile court's section 388 ruling, there necessarily would be further proceedings at which father's complaints of noncompliance could be raised and addressed by the court. (*In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 638 [appeal from jurisdiction and disposition orders moot because there would necessarily be further juvenile court dependency proceedings at which continuing ICWA duties would apply and a basis for later appeal if for some reason the remedial ICWA investigation the Department was undertaking fell short]; see also *In re S.H.* (2022) 82 Cal.App.5th 166, 179 ["So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both [the Department] and the juvenile court have an adequate opportunity to fulfill those statutory duties"].) Indeed, the Department filed and we granted a request for judicial notice of (1) the Department's April 30, 2025, Last Minute Information for the Court that set forth the Department's April 2025 ICWA inquiries of the child's relatives and caregiver, and stated the Department would update the court on further ICWA inquiry efforts prior to the date for an upcoming section 366.26 hearing; and (2) the juvenile court's March 26, 2025, minute order continuing the section 366.26 hearing to

5

June 25, 2025.[4]  These materials further document there is no effective relief we can (or need) now order.

We have considered the factors bearing on discretionary review of moot questions identified in *In re D.P.* (2023) 14 Cal.5th 266 at pages 286 through 287 and decline to exercise our discretion here.

---

[4]  We consider these materials not for the different purpose of determining whether any ICWA error was harmless.  (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1107.)  Instead, the Department's reporting illustrates why we can provide no effective relief in this appeal given the procedural posture of this case.  (*In re Baby Girl M., supra*, 83 Cal.App.5th at pp. 638–639 ["[A]ll we could order in resolving this appeal is that the Department and juvenile court fulfill their inquiry and notice obligations under ICWA and related California law.  Because that is what the Department is already doing, and because we are not in a position to micromanage that process in *this* appeal . . . there is no effective relief we can now provide"].)

## IV.   DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

I concur:

BAKER, J.

*DCFS v. D.R.*, B342727

HOFFSTADT, P. J., dissenting.

I would not dismiss this appeal as moot because, in my view, not all challenges under the Indian Child Welfare Act (ICWA) (29 U.S.C. § 1901 et seq.; Welf. & Inst. Code, § 224 et seq.) are moot merely because proceedings are ongoing (under *In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 638–639).  Instead, I would affirm the juvenile court's order denying father's section 388 petition but vacate the court's implicit finding that ICWA does not apply and remand with instructions for the Department to comply with its ICWA duties.  (*In re Dominick D.* (2022) 82 Cal.App.5th 560, 563–564.)  Although the Los Angeles Department of Children and Family Services (the Department) has already conducted additional inquiry of some relatives, the juvenile court has yet to revisit its earlier order regarding ICWA compliance.  Thus, that earlier order (which implicitly finds that the Department's initial inquiry was adequate) is, in my view, not supported by substantial evidence and I would therefore hold that it must be vacated.

_____, P. J.
HOFFSTADT